Curia, per Evans, J.
Much of the argument in this case has been directed to the question whether in cases of parol-gifts by a father to his daughter, after marriage, he can qual-ifyor annex conditions withoutthe consent of the son-in-law. We think with the Circuit Judge, that that question was not necessarily involved in the case, which depends on other principles. But as it is a question of some doubt, and different opinions are entertained on the subject, I will state, with much brevity, the reasons by which 1 suppose the question ought to be decided. To constitute a perfect gift, by parol, there must be an intention to give, consummated by delivery. The sending the negro to the son-in-law, is a delivery, and if there be no qualification annexed, ihis is evidence of an intention to give, but not a conclusive presumption which, coupled with the transmutation of possession, perfects the gift as absolute. But no such inference can be drawn when the delivery, or the act which amounts to delivery, is accompanied by a qualification showing an absence of intention to give. A delivery, accompanied with a declaration that only a loan is intended, can never be distorted to mean an absolute gift, any more than a delivery on a contract of hiring for a year shall be construed into a greater estate. The character and legal effect of an act is to be judged and determined by the intention of the actor, and if such intention be declared at the time, no inconsistent construction can be placed on the act. In cases like the present the donor is the actor, the donee is merely passive, and as his assent may always be inferred to what was of value to him, it does not seem to be essential that he should be informed of the terms on which the delivery was made. Cases might occur where, with the conditions annexed, the gift would be so valueless that an assent to accept, on the terms of the gift, could not be reasonably inferred ; but this is not such a case, and it will be time enough to decide when the case arises.
*52 ^ ^las a^so ^een sornet™es supposed that because marriage is a valuable consideration, all conditions annexed to any advancement made by the wife’s father is a fraud on the marital rights of the husband, unless made known to him at or before the time. It is very true that the husband, as a purchaser of his wife’s fortune, may set aside any disposition of it made in fraud of his marital rights. But this principle is confined strictly to such fortune as the wife had at the time of the marriage. I do not see how it can be applied to anything which is given to her afterwards. A child has no legal right to his father’s estate. The father may give or withhold it. He may give absolutely or with limitations, and the donee must take it as given. We are accustomed to say that a parent is under a moral obligation to provide for his child according to his ability; but I do not perceive that it is any breach of this moral duty to annex conditions which will prevent the husband of his child from wasting it, or from spending it in profligacy or wild speculation; or in the event of the death of his child, without issue, that the 'property shall return to the donor or his family. It will be difficult to make out the proposition that the husband is the purchaser of all his wife’s present and future acquired estate, and that no one-can give her anything which the law will not vest in him, unless his assent be previously obtained.
This case, however, as I have before said, depends on other principles. The title of the plaintiff was not derived from any presumed gift arising from delivery merely. The ne-groes were conveyed to his wife by a deed, signed, sealed, and delivered. She accepted the deed, and her husband has no title except what he derives through her. When'the deed was delivered, the title of the negroes passed from Yongue, the defendant, to his daughter, and was, by operation of law, vested in the husband to the extent of his wife’s interest. When, therefore, Yongue afterwards sent the negroes home to his daughter and her husband, this was no delivery of them from which any inferences of an absolute gift to the husband can be drawn. The negroes were already his, and if Yongue had withheld the possession, trover would lie to recover them. To my mind it is so perfectly clear that Richmond had no title to the negroes, other than that derived from the deed, that I forbear any further discussion. If any one desires to see the argument carried out fully, he is referred to the cir-cup decree of the Chancellor in the case- of Henson v. Kinard, decided in the Equity Court of Appeals, in December last.
If this be correct, and the rights of the plaintiff depend on the deed, it follows, of course, that the facts stated in the 1st, 2d, 3d, and 4th grounds, in the .notice, were properly rejected as irrelevant to the issue. I think the facts stated by Dr. Douglass, referred to in the 5th ground, might, on the same *53 ground, have been rejected ; but as we do not see that they could in any way have affected the decision on the grounds on which it was very properly submitted to the jury by the Circuit Court, their admission cannot constitute a ground for a new trial. The motion must therefore be dismissed on all the grounds, and it is so ordered.
Wardlaw, Frost, and Withers, JJ. concurred.

Motion refused.